UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

HELDER RUI CABRAL DEMEDEIROS,   **No. 1:13-CR-00116 (MAT)**
                                **No. 1:14-CV-00885 (MAT)**
                    Movant,
         -vs-                   **DECISION AND ORDER**

UNITED STATES OF AMERICA,

                    Respondent.

---

## I.   Introduction

Proceeding *pro se*, movant Helder Rui DeMedeiros ("movant"), a federal prisoner, moves this Court to vacate his sentence pursuant to 28 U.S.C. § 2255. On September 12, 2013, movant was convicted, upon his plea of guilty, of one count of being an aggravated felon who attempted to re-enter the United States in violation of 18 U.S.C. § 1326(a) and (b)(2). See docs. 3, 13. On February 7, 2014, movant was sentenced to a term of 48 months imprisonment with a one-year term of supervised release. Presently before the Court is movant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Doc. 22.

## II.  Discussion

### A.   Counsel's Alleged Failure to File a Notice of Appeal

Movant argues that his trial counsel was ineffective for failure to file a notice of appeal despite movant's request. Movant has provided no details regarding this alleged request; his motion

simply states that counsel "failed to file a notice of appeal when defendant requested to do so." Doc. 22 at 4.

With regard to movant's allegation, on September 15, 2015, this Court ordered movant's counsel to file an affidavit answering the following questions: "(1) Did Petitioner request that an appeal be filed in United States v. Helder Rui Cabral De Medeiros, 13-CR-116-A? (2) If Petitioner requested that an appeal be filed, did counsel fail to act on the request? If you did not fail to act on a request by Petitioner that an appeal be filed, describe the actions you took. (3) Do you possess any notes or records related to whether Petitioner requested that an appeal be filed? If so, list the dates and describe the nature of the records. (4) Do you have a standard practice that you follow when a client requests that you file an appeal? If so, describe your standard practice, whether and how the standard practice was followed in this case and any way the standard practice was not followed in this case. (5) Did Petitioner make any inquiry about filing an appeal?" Doc. 25. On September 16, 2015, movant's prior counsel, John Humann, Esq. of the Federal Public Defender's Office, filed an affidavit answering questions (1) and (5) in the negative and questions (2) and (3) as not applicable. As to question (4), counsel answered: "My standard practice when a client requests that a Notice of Appeal be filed is to file a Notice of Appeal." Doc. 26 at 7.

"When a defendant claims that his attorney failed to file a requested notice of appeal," the district court is obligated to hold a hearing pursuant to section 2255 "to determine whether the client requested the appeal." Campusano v. United States, 442 F.3d 770, 776 (2d Cir. 2006). However, a formal testimonial hearing is not required, "especially when counsel has submitted a detailed affidavit." United States v. Hernandez-Uberia, 2010 WL 1948586, *2 (S.D.N.Y. May 11, 2010) (citing Chang v. United States, 250 F.3d 79, 85-86 (2d Cir. 2001) (interpreting 18 U.S.C. § 2255, which provides that a "court may entertain and determine such motion without requiring the production of the prisoner at the hearing")). As the Court did in Hernandez-Uberia, "[t]his Court accepts counsel's affidavit over [movant]'s bare assertions and concludes on the basis of this expanded record that the taking of live testimony is not necessary to evaluate [movant]'s claims." Id. Based on Mr. Humann's affidavit, the Court finds that movant did not request that a notice of appeal be filed. See id. Accordingly, counsel was not ineffective and movant's motion in this regard is denied.

### B. Counsel's Failure to Request a Downward Departure in Movant's Sentence

At the time relevant to this case, the United States Attorney's Office had a "fast track" policy in effect whereby eligible defendants could receive a benefit of a motion by the government (not binding upon the Court) for either a two-level or four-level downward departure if, among other things, (1) the

3

defendant agreed to plead guilty to illegal re-entry within 30 days of being taken into custody on that charge, and (2) the defendant was not disqualified by his criminal history or other factors. Defendants were disqualified from fast track consideration if their criminal history included convictions for violent crimes or firearms defenses. Movant contends that his counsel was ineffective for failure to file a fast track motion.

As respondent points out, movant's criminal history contained fourteen felony convictions, including three convictions of assault and battery, one conviction of robbery, and a variety of firearms possession convictions. As such, movant's criminal history presumptively disqualified him from fast track consideration. Movant's argument that counsel was ineffective for failing to move for a downward departure pursuant to the fast track program therefore fails, because counsel was not ineffective for failure to make a meritless motion. See, e.g., Petrie v. United States, 2015 WL 12696069, *8 (N.D.N.Y. June 29, 2015) ("Counsel's failure to make a meritless suppression motion does not support a claim of ineffective assistance.") (citing United States v. Arena, 180 F.3d 380, 396 (2d Cir. 1999), overruled on other grounds by Scheidler v. National Org. for Women, Inc., 537 U.S. 393, 403 n.8 (2003)). Accordingly, movant's motion in this regard is denied.

**III. Conclusion**

For the foregoing reasons, movant's motion to vacate and correct his sentence (Doc. 22) is denied. The Clerk of the Court is directed to close Civil Case No. 1:14-CV-00885.

**ALL OF THE ABOVE IS SO ORDERED.**

                                          **S/Michael A. Telesca**

                                            HON. MICHAEL A. TELESCA
                                     United States District Judge

Dated:   December 12, 2016
        Rochester, New York.